[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, A Z Remodeling, Ltd., brings this action seeking to recover from the defendants, Ronald B. Gutfran and Dolores P. Gutfran, the costs of labor and materials provided by the plaintiff at the defendants' residence known as 6 Chestnut Hill Road, West Simsbury, Connecticut, under an agreement with the said defendants, dated February 1, 1996.
The defendants deny plaintiff's allegations that money payments are due and owing to it from the defendants.
Further, the defendants counterclaim for loss and expense suffered by them when the plaintiff refused to complete the work provided for under the parties' February 1, 1996 agreement.
The pertinent facts relating to this action are:
The parties entered into an agreement (Plaintiff's Exhibit 1), dated February 1, 1996, wherein the plaintiff would renovate and remodel two full bathrooms, one one-half bathroom and one bedroom. The work would start on or before March 5, 1996 and be completed on or before April 1, 1996. The defendants would pay to the plaintiff the sum of $15,500 in three payments — the first, $5,500; second, $6000 and $4000 upon completion.
The defendants paid to the plaintiff $5,500 when the plaintiff began the work on March 5, 1996. The plaintiff proceeded providing labor and materials under the terms of the agreement until March 18, 1996, when he left the job and did not return even though the terms of the agreement were not completed. CT Page 3169
The plaintiff contends that prior to March 18, 1996, difficulties arose between the plaintiff and the defendant, Ronald B. Gutfran. The defendant had complained that the plaintiff's workers were excessively noisy. The plaintiff contends that the defendant interfered with their work, which in turn created difficulties with and for the workers. When the plaintiff arrived at the work site on March 18, 1996, and found the door locked, he rang the doorbell, sounded his car horn and attempted to telephone the defendants using his cellphone. When he was unsuccessful in gaining admittance to the work site, he left and did not return.
On or about April 12, 1996, through its attorney, the plaintiff filed a mechanics lien and a lis pendens and brought the present action.
The defendants contend that although there was some difficulty between the plaintiff and Ronald Gutfran, the plaintiff continued the work with no indication that he would suspend operations.
As to the March 18, 1996 locked door incident, Dolores Gutfran testified that at the start of the job she informed the plaintiff that they, the defendants, leave the door key available for their children when they return from school, that the plaintiff could let himself and his workers in if the door was locked. Thus, there was no need for the plaintiff to have left because of a locked door.
Further, the defendants allege that although the plaintiff did not appear for some days to continue the work, they were not disturbed since the plaintiff had another job a short distance from the defendants' home, and they assumed that the plaintiff was working there.
However, at some point the defendants became aware that the plaintiff was not going to return to complete the work set out in the agreement, so they telephoned the plaintiff and its attorney seeking to have the plaintiff return and complete the work. Their attempts were unsuccessful.
Exactly when the defendants became aware that the plaintiff would not complete the job is uncertain. The defendants contend their first calls to the plaintiff were before they received notice of the mechanic's lien filed on their premises by the CT Page 3170 plaintiff. The plaintiff contends it was after the lien was filed. In any case, the defendants did seek to have the plaintiff complete the work and were refused by the plaintiff. Thereafter, the defendants sought out other tradesmen who eventually finished the work that the plaintiff had begun.
The defendants expended an additional $12,646 for the completion of the work, less the sum of $760 for additional items the defendants had done beyond that set out in the parties' agreement.
The plaintiff in its complaint contends that it provided services and materials for the defendants' benefit that amounted to $6000 over and above the $5,500 initially paid by the defendants to the plaintiff.
The defendants in their counterclaim allege that the plaintiff breached the parties' agreement by leaving unfinished the work called for in the agreement. This required that the defendants expend $11,886.58 to have completed the items set out in the parties' agreement and which the plaintiff had left uncompleted.
The court, after hearing the evidence presented by the parties and examining the exhibits presented, finds:
That each of the parties equally contributed to the early termination of their agreement;
That each is equally liable for the resulting damages suffered by the parties;
That the plaintiff provided in the amount of $6000 services and materials to the defendants;
That, the defendants, who were equally liable with the plaintiff for the early termination of the agreement, are liable to the plaintiff for one half of its (the plaintiff's) $6000 of damages, or $3000.00;
That the defendants expended $11,886.00 to complete the unfinished portion of the parties' agreement.
The original agreement for the performance of all of the work by the plaintiff amounted to $15,500. A payment of $5,500 was made to the plaintiff by the defendants, leaving a balance for CT Page 3171 the remainder of the work of $10,000.00. Of this $10,000, the court has previously indicated that the defendants are liable to the plaintiff in the sum of $3000 on the complaint.
The court also has previously found that the defendants incurred costs of $1,886 over and above the $10,000 outstanding for the completion of the parties' agreement. As previously found by the court, the plaintiff is responsible for one half of this sum to the defendants; i.e., $943 on the counterclaim.
Therefore, the court, in reconciling the parties' liabilities to each other, determines that:
There is due to the plaintiff from defendants $3,000.00
There is due to the defendants from plaintiff __943.00
 That the adjustment of these sums leaves a balance due to the plaintiff from the defendants of $2,057.00
Therefore, judgment may issue for the plaintiff and against the defendants in the sum of $2,057.00, without costs to either of the parties.